UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DAN NANKOV,

                Plaintiff,

        v.

UNITED STATES POSTAL SERVICE,

              Defendant.

_____

**DECISION AND ORDER**

6:24-CV-06166 EAW

## **INTRODUCTION**

*Pro se* plaintiff Dan Nankov ("Plaintiff") has sued the United States Postal Service ("Defendant"), alleging that Defendant's delivery vehicle drove over Plaintiff's lawn, causing damage. (Dkt. 1-2). Presently before this Court is Defendant's motion to dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Dkt. 2). In the alternative, Defendant moves under 28 U.S.C. § 2679(d)(1) to substitute the United States as the sole defendant. (*Id.*). For the reasons set forth below, Defendant's motion to dismiss for lack of jurisdiction is granted.

## **BACKGROUND**

Plaintiff commenced this action on March 14, 2024, in the State of New York, Town of Greece Justice Court, Small Claims Part. (Dkt. 1-2). Plaintiff alleges that on January 31, 2024, Defendant's delivery vehicle drove over his wet lawn, damaging the lawn. (*Id.* at 1). Plaintiff states that Defendant has not fixed the lawn despite his direct contact with Defendant. (*Id.*).

Defendant removed this action to federal court by filing a notice of removal on March 19, 2024, relying on 28 U.S.C. § 1346(b)(1) (providing that subject to the provisions of the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 ("FTCA"), districts courts have "exclusive jurisdiction of civil actions on claims against the United States, for money damages, . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."). (Dkt. 1). On March 25, 2024, Defendant filed the pending motion. (Dkt. 2). Plaintiff has not responded.

## DISCUSSION

## I.    Legal Standard

"A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it. . . ." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.á.r.l*, 790 F.3d 411, 416-17 (2d Cir. 2015) (quotation and citation omitted). "When considering a motion to dismiss for lack of subject matter jurisdiction . . . a court must accept as true all material factual allegations in the complaint." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). Further, a court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but it may not rely on conclusory or hearsay statements contained in the affidavits." *Matthias v. United States*, 475 F. Supp. 3d 125,

133 (E.D.N.Y. 2020) (alteration omitted) (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)).

"[T]he United States, as sovereign, is immune from suit save as it consents to be sued. . . ." *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (quotation and citation omitted). Sovereign immunity extends to federal agencies, *see F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."), and to "federal officers in their official capacities," *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994).

Defendant appropriately construes Plaintiff's claims as falling under the FTCA. (Dkt. 2-2 at 2). Plaintiff alleges that an employee of Defendant, a United States agency, trespassed while driving a delivery vehicle, damaging his lawn. (Dkt. 1-2). This falls under the FTCA. *Citarella v. United States*, 86 F. Supp. 3d 151, 153 (E.D.N.Y. 2015) ("[T]he Supreme Court of the United States has explained that, '[a]lthough the Postal Reorganization Act generally waives the immunity of the Postal Service from suit by giving it the power to sue and be sued in its official name, the statute also provides that the FTCA shall apply to tort claims arising out of activities of the Postal Service.'"); *see Sea Gate Beach Club Corp. v. United States*, 190 F. Supp. 3d 310, 312 (E.D.N.Y. 2016) (trespass and nuisance claim against federal agency fall under scope of FTCA).[1]

---

[1]    Federal courts have exclusive jurisdiction over FTCA claims. *Citarella*, 86 F. Supp. 3d at 153; *see De Masi v. Schumer*, 608 F. Supp. 2d 516, 520 (S.D.N.Y. 2009) ("[B]y way of the FTCA, the United States has provided a limited waiver of its sovereign immunity for specified tort cases, with exclusive jurisdiction over these cases in the federal courts.").

As relevant here, the FTCA waives sovereign immunity for certain claims arising out of tortious conduct by federal employees. But before bringing any such claim in court, a plaintiff must first exhaust his administrative remedies before the relevant federal agency. 28 U.S.C. § 2675 provides that:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant *shall have first presented* the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a) (emphasis added); *see also Yunkeung Lee v. United States*, 570 F. App'x 26, 27 (2d Cir. 2014) ("Prior to filing an FTCA action, a plaintiff must exhaust administrative remedies, which include presenting the claim to the appropriate federal agency."). The claim must be filed with the appropriate federal entity "within two years of the injury's accrual." *Leytman v. United States*, 832 F. App'x 720, 722 (2d Cir. 2020) (citing 28 U.S.C. § 2401(b)). The exhaustion requirement "is jurisdictional and cannot be waived." *Celestine v. Mt. Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005). Plaintiff "bears the burden of showing that [ ]he exhausted h[is] administrative remedies by presenting h[is] claim to the appropriate federal agency before filing suit." *Cooke v. United States*, 918 F.3d 77, 80 (2d Cir. 2019).

## II.    <u>This Court Lacks Jurisdiction</u>

Defendant submits a declaration of Kimberly A. Herbst ("Herbst"), manager of the Tort Program and Adjudication Unit of the United States Postal Service, in support of its motion.  (Dkt. 2-1).  Herbst states that she has full access to the "Postal Service Law Department ("Law Department") records that are maintained on each administrative claim submitted to it for adjudication pursuant to the provisions of the [FTCA]."  (*Id.* at ¶ 2). Based on her examination of the Law Department's records, Herbst states that Plaintiff "has not submitted an administrative tort claim to [Defendant] concerning his claim relating to January 31, 2024." (*Id.* at ¶ 6).  Herbst also confirms that a separate database— maintained by the United States Postal Service's Tort Claims/Collections Specialists—also contains no record of a claim submitted by Plaintiff.  (*Id.* at ¶¶ 4, 6).

Plaintiff has not responded to Defendant's motion nor has Plaintiff submitted anything indicating that he has exhausted his administrative remedies.  (*See* Dkt. 1-2).  For these reasons, Plaintiff has not met his burden to show that he exhausted his administrative remedies before commencing this action, and the Court therefore does not have subject matter jurisdiction over his FTCA claim.  *See, e.g.*, *Leytman v. United States*, 832 F. App'x 720, 722 (2d Cir. 2020) ("Failure to comply with this exhaustion requirement deprives Article III courts of subject matter jurisdiction over FTCA claims."); *Ruffin v. United States*, No. 20-cv-04128 (ST), 2021 WL 4408039, at *6 (E.D.N.Y. Sept. 27, 2021) ("Plaintiff has failed to satisfy the presentment requirement.  This Court thus lacks jurisdiction over Plaintiff's claim.") (citation omitted).

Accordingly, Plaintiff's FTCA claim must be dismissed without prejudice. *See Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 121 (2d Cir. 2017) ("[W]hen a case is dismissed for lack of federal subject matter jurisdiction, Article III deprives federal courts of the power to dismiss the case with prejudice." (quotations, citation, and alteration omitted)).

## **CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss for lack of jurisdiction (Dkt. 2) is granted.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: December 3, 2024
    Rochester, New York

- 6 -